4. The parties may argue other issues as desired, so long as they comply with the time limits for argument of the individual cases and the instructions set forth in the Notice of Hearing dated September 8, 1995.

WRIGHT and RESNICK, JJ., not participating.

95–588. AT & T Communications of Ohio, Inc. v. Pub. Util. Comm. Public Utilities Commission, Nos. 93–487–TP–ALT and 93–576–TP–CSS. This cause is pending as an appeal from the Public Utilities Commission of Ohio. Upon consideration of appellee's motion to consolidate oral arguments in Supreme Court case Nos. 95–587, 95–588, and 95–589,

IT IS ORDERED by the court that appellee's motion to consolidate oral arguments be, and hereby is, denied, effective December 6, 1995.

IT IS FURTHER ORDERED by the court, *sua sponte*, that the following procedure shall apply to the oral arguments in these cases. Arguments regarding the issue, common to these cases, of whether the Public Utilities Commission had authority to use alternative regulation rate-setting methods under R.C. 4927.01(A) to set Ameritech Ohio's rates shall be limited and shall proceed as follows:

1. The appellant in the first case to be argued, case No. 95–587, shall argue the issue of the commission's authority to use R.C. 4927.04(A) in setting Ameritech Ohio's rates;

2. The appellant in the second case to be argued, case No. 95–588, and the appellant in the third case to be argued, case No. 95–589, may add to the prior arguments on the issue but should not duplicate the prior arguments;

3. The appellee may argue the issue in response to the first appellant's arguments and, without duplicating its arguments, may respond to new arguments presented by the subsequent appellants;

4. The parties may argue other issues as desired, so long as they comply with the time limits for argument of the individual cases and the instructions set forth in the Notice of Hearing dated September 8, 1995.

WRIGHT and RESNICK, JJ., not participating.

95–589. MCI Telecommunications Corp. v. Pub. Util. Comm. Public Utilities Commission, Nos. 93–487–TP–ALT and 93–576–TP–CSS. This cause is pending as an appeal from the Public Utilities Commission of Ohio. Upon consideration of appellee's motion to consolidate oral arguments in Supreme Court case Nos. 95–587, 95–588, and 95–589,

IT IS ORDERED by the court that appellee's motion to consolidate oral arguments be, and hereby is, denied, effective December 6, 1995.

IT IS FURTHER ORDERED by the court, *sua sponte*, that the following procedure shall apply to the oral arguments in these cases. Arguments regarding the issue, common to these cases, of whether the Public Utilities Commission had authority to use alternative regulation rate-setting methods under R.C. 4927.01(A) to set Ameritech Ohio's rates shall be limited and shall proceed as follows:

1. The appellant in the first case to be argued, case No. 95–587, shall argue the issue of the commission's authority to use R.C. 4927.04(A) in setting Ameritech Ohio's rates;

2. The appellant in the second case to be argued, case No. 95–588, and the appellant in the third case to be argued, case No. 95–589, may add to the prior arguments on the issue but should not duplicate the prior arguments;

3. The appellee may argue the issue in response to the first appellant's arguments and, without duplicating its arguments, may respond to new arguments presented by the subsequent appellants;

4. The parties may argue other issues as desired, so long as they comply with the time limits for argument of the individual cases and the instructions set forth in the Notice of Hearing dated September 8, 1995.

WRIGHT and RESNICK, JJ., not participating.

## DISCIPLINARY DOCKET

95–2367. Cincinnati Bar Assn. v. Matho. On motion to show cause. Motion granted.